[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12795
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00011-ALB-SMD-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROGELIO ISRAEL PIMENTEL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(February 14, 2020)

Before MARTIN, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Rogelio Israel Pimentel appeals his 110-month sentence, which the district court imposed after he pled guilty to conspiracy to distribute 50 grams or more of methamphetamine. On appeal, he argues that the district court erred in failing to award him a minor role reduction under the United States Sentencing Guidelines, § 3B1.2. Pimentel acknowledges that his plea agreement contained a sentence appeal waiver, but he argues that he did not knowingly and voluntarily enter into that waiver because the district court failed to adequately explain its terms. After careful review, we conclude that Pimentel waived his right to appeal knowingly and voluntarily; we therefore dismiss his appeal without considering the substance of his challenge to his sentence.

Pimentel pled guilty pursuant to a plea agreement. As part of that agreement, he executed a sentence appeal waiver, in which he agreed to "waive[] any and all rights conferred by 18 U.S.C. § 3742 to appeal [his] conviction or sentence." Doc. 473 at 6.[1] The waiver provided an exception that permitted Pimentel to appeal his conviction or sentence on the grounds of ineffective

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

Section 3742 permits a defendant to appeal any sentence (1) "imposed in violation of law"; (2) "imposed as a result of an incorrect application of the sentencing guidelines"; (3) "greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater term of imprisonment, probation, or supervised release than the maximum established in the guideline range" or "a more limiting condition of probation or supervised release . . . than the maximum established in the guideline range"; or (4) that 'was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." 18 U.S.C. § 3742(a).

assistance of counsel or prosecutorial misconduct.  The waiver also provided that the government could appeal "any matter" related to the case, *id.*, and that if the government appealed, Pimentel would be released from the waiver.  The appeal waiver was prominently situated within the plea agreement, under its own section entitled:  "**THE DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK**."  *Id.*

At the change-of-plea hearing, a magistrate judge[2] questioned Pimentel about his plea agreement.  Pimentel testified that he understood the terms of the agreement and had discussed the agreement with his attorney.  The magistrate judge expressly addressed the appeal waiver, explaining that "ordinarily [Pimentel] or the government may have the right to appeal any sentence that is imposed," but that "by pleading guilty with [his] plea agreement," Pimentel would "waive[] or give[] up [his] right to appeal or collaterally attack all or part of [his] sentence." Doc. 637 at 9.  Pimentel confirmed that he understood.  He testified that he went to school up to the 10th grade, had not been treated for any mental illness, and was not under the influence of drugs, alcohol, or medication.  The magistrate judge found that Pimentel was competent, capable, and informed in entering the plea, was aware of the consequences of the plea, and was entering into the plea

---

[2] Pimentel consented to holding his change-of-plea hearing before a magistrate judge.

3

knowingly and voluntarily.  The district court sentenced Pimentel to 110 months' imprisonment.

Under Federal Rule of Criminal Procedure 11, the court conducting a change-of-plea hearing must place the defendant under oath, "inform the defendant of, and determine that the defendant understands," among other things, "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence."  Fed. R. Crim. P. 11(b)(1)(N).  "We review the validity of a sentence appeal waiver *de novo*."  *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).

We will enforce a sentence appeal waiver if it was made knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the court "specifically questioned the defendant" about the waiver during the Rule 11 plea colloquy, or (2) the record makes clear that "the defendant otherwise understood the full significance of the waiver."  *Id.* at 1351; *see also* Fed. R. Crim. P. 11(h) (explaining that a variation from the requirements of Rule 11 "is harmless error if it does not affect substantial rights").  The court must clearly convey to the defendant the circumstances under which he is giving up the right to appeal.  *See Bushert*, 997 F.2d at 1352-53.  We apply "a strong presumption that [a defendant's] statements made during the [plea] colloquy are

4

true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).   If valid, "[a]n appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

We conclude that Pimentel knowingly and voluntarily waived his right to appeal his sentence.  *See Johnson*, 541 F.3d at 1066; *Bushert*, 997 F.2d at 1350. Pimentel signed the plea agreement containing the prominently delineated sentence-appeal waiver after discussing it with his lawyer, and he testified that he understood its provisions.  We presume that Pimentel's statements were true.  *See Medlock*, 12 F.3d at 187.  The magistrate judge also expressly informed Pimentel that he was waiving his right to appeal his sentence, and Pimentel testified that he understood.  Pimentel gave no indication that he lacked the capacity to understand the provisions of his plea agreement.

Pimentel argues that the magistrate judge failed to inform him that the government retained its right to appeal, and therefore his waiver was not knowing and voluntary.  Although it is true that the magistrate judge never expressly stated that the appeal waiver did not prohibit the government from appealing, the record makes clear that Pimentel understood the full significance of the waiver.  *Bushert*, 997 F.2d at 1351.  The magistrate judge told Pimentel that "ordinarily [he] *or* the government" may appeal, but that Pimentel was waiving that right by pleading

5

guilty.  Doc. 637 at 9 (emphasis added).  The magistrate judge omitted any reference to the government's right to appeal in light of the plea agreement, which suggested that the government retained its right to appeal.  Given the other indicia of Pimentel's understanding, we are unpersuaded that he did not fully understand the import of the appeal waiver.

None of the exceptions to the waiver applies here.  Pimentel does not argue prosecutorial misconduct or ineffective assistance of counsel.  And the government has not appealed, so as to release Pimentel from the appeal waiver.  Pimentel's sentencing challenge therefore is barred by his valid appeal waiver, and we dismiss his appeal.

**DISMISSED.**